IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE PIERCE-SCHMADER,** | : | No. 3:13cv1141 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **MOUNT AIRY CASINO** | : | |
| **AND RESORT,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### **MEMORANDUM**

Before the court for disposition is Plaintiff Michelle Pierce-Schmader's motion for reconsideration of the court's entry of summary judgment in favor of her former employer, Defendant Mount Airy Casino and Resort. The matter is ripe for disposition.

**Background**

Plaintiff began working as a cocktail server for the defendant in Mount Pocono, Pennsylvania, in September 2007. (Doc. 8, Am. Compl. (hereinafter "Am. Compl.") ¶ 4). Several years later, plaintiff's employment ended as part of a settlement of a workers' compensation case wherein she agreed to voluntarily resign her position. (Id. ¶ 37). Even though plaintiff voluntarily submitted her resignation, she believes that defendant committed discriminatory actions against her during the course of her

employment.  (Id. ¶ 41).

Accordingly, plaintiff filed a four-count employment discrimination lawsuit.  Count I of the amended complaint alleged racial discrimination, nationality discrimination and disability discrimination in violation of the Pennsylvania Human Relations Act, 43 PA. STAT. ANN. § 951, *et seq.* (Id. ¶¶ 53-59).  Count II alleged a violation of the Americans with Disability Act (hereinafter "ADA"), 42 U.S.C. § 12101, *et seq.* (Id. ¶¶ 60-64).  Count III was brought pursuant to 42 U.S.C. § 1981 and alleged unlawful discrimination in the making and enforcement of contracts.  (Id. ¶¶ 64-75).  Count IV asserted a violation of Title VII of the Federal Civil Rights Act of 1991, 42 U.S.C. § 2000(e).  (Id. ¶¶ 76-79).

Plaintiff originally filed her complaint in the Monroe County Pennsylvania Court of Common Pleas.  The defendant filed a notice of removal, bringing the case to this court on April 29, 2013.  (Doc. 1, Not. of Rem.).  Defendant then filed a motion to dismiss the complaint.  (Doc. 6).  In response to the motion to dismiss, plaintiff filed an amended complaint.  (Doc. 8).

Defendant then moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and also

moved to strike. (Doc. 10). The court granted the motion to dismiss in part and denied it in part. (Doc. 14, Memo. & Order dated Sept. 11, 2013 at 17).

Subsequently, defendant filed an answer and the parties proceeded through discovery. At the end of the discovery period, the defendant filed a motion for summary judgment. The court granted the defendant's motion on November 20, 2014 and entered judgment in favor of the defendant. (Doc. 36). On November 30, 2014, plaintiff filed the instant motion for reconsideration bringing the case to its present posture.

**Jurisdiction**

As this case was brought pursuant to various federal statutes for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Plaintiff has filed a motion for us to reconsider our summary judgment decision. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered

evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677.  A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

**Discussion**

In the instant case, plaintiff does not allege a change in controlling law or the availability of new evidence. Rather, she argues that a clear error of law needs to be corrected.  Plaintiff alleges that she should be permitted to go to trial based upon the evidence she has presented. Specifically she asserts that prior to instituting the instant action, she filed a charge of improper employment practices with the Pennsylvania Human Relations Commission (hereinafter "PHRC").  She presented this "charge" in opposition to the defendant's motion for summary judgment and argues

that the allegations contained therein are sufficient to create a question of fact for a jury to determine.  In support of her position she cites to Lupyan v. Corinthian Colleges, Inc., 761 F.3d 314 (3d Cir. 2014).

First, we note that plaintiff fully argued this issue in her briefing on the motion for summary judgment, and the instant motion is merely an improper attempt to convince the court to rethink a decision it has already made.  In our memorandum we addressed the issue by noting that the charge she filed with the PHRC is not proper summary judgment evidence because it was merely comprised of allegations she made in the past, allegations which are contradicted by her deposition.  (Doc. 34, Memo. dated Nov. 20, 2014 at 12-13 n.8).

Second, the Lupyan case, which plaintiff relies on, is different from the instant case. In Lupyan, an issue existed as to whether the plaintiff had ever received a notice from her employer that she was entitled to receive under the Family and Medical Leave Act.  The employer submitted affidavits indicating that the notice had been mailed. Id. at 320.  The employer, however, did not send the notice by registered or certified mail, and therefore, no direct evidence of mailing or receipt existed. Id.  The court explained that under the "mailbox rule" once a party proves that a

letter has been mailed, a presumption arises that the person to whom it was sent received it.  Id.  The party against whom the presumption operates then has the burden of producing evidence to rebut the presumption.  Id.

In Lupyan, the plaintiff herself filed an affidavit indicating that she never received the notice.  Id. 320-21.  Her affidavit was sufficient to rebut the presumption that she received the letter and made the receipt of the letter a question for the factfinder.  Id. at 321.  The court explained, "Accordingly, a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment.  This remains true even if the affidavit is 'selfserving.'" Id. at 320.

Generally, we agree with the plaintiff that an affidavit may be sufficient in certain cases to create a genuine issue of material fact and defeat a summary judgment motion.  Lupyan is such a case.  Unlike the plaintiff in Lupyan, however, plaintiff in this case did not submit an affidavit to counter an affidavit filed by the opposing party.  In fact, plaintiff here did not file an affidavit at all.  She seeks to rely upon allegations she made years ago before the PHRC.  In effect, plaintiff asserts that as long as she

has made allegations, she need not have evidence to back up those claims.  If we carry this argument to its logical extreme, every complaint filed by a plaintiff that properly pled a cause of action would be sufficient to overcome a summary judgment motion.  Such a result is inappropriate under the law.

At the summary judgment stage, the non-moving party -here the plaintiff- needs to present evidence to counter the evidence submitted by the moving party.  In support of its summary judgment motion, the defendant submitted evidence, including the plaintiff's own deposition.  As pointed out in our memorandum of November 20, 2014, plaintiff simply presented insufficient evidence to counter the defendant's evidence.  The "evidence" that plaintiff submitted was merely the charge that <u>she</u> originally drafted for the PHRC.  She did not submit documents or depositions or other substantive evidence to support these allegations.

Accordingly, the plaintiff's motion for reconsideration will be denied.  An appropriate order follows.

**Date: Feb. 20, 2015**               <u>**s/ James M. Munley**</u>

**Judge James M. Munley
UNITED STATES DISTRICT COURT**